IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HEIVYN JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 247, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. K2104008452 |
| | § | K2104008430 |
| Appellee. | § | |

Submitted: November 21, 2022
Decided: January 4, 2023

Before **SEITZ,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     The appellant, Heivyn Johnson, pleaded guilty to criminally negligent homicide (as a lesser-included offense of manslaughter) and possession of a firearm by a person prohibited ("PFBPP"). Johnson was a juvenile at the time of the offenses and had a history of juvenile adjudications, including for first-degree robbery. As part of the plea agreement, Johnson consented to be prosecuted as an adult in the Superior Court; the State dismissed other weapon- and drug-related charges; and the parties stipulated that Johnson's prior juvenile adjudications did not make the

PFBPP offense subject to a minimum-mandatory term of incarceration.[1] The Superior Court sentenced Johnson to eight years of imprisonment for criminally negligent homicide and to eight years of imprisonment, suspended after five years for decreasing levels of supervision, for PFBPP. This is Johnson's direct appeal.

(2) On appeal, Johnson's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Johnson's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Johnson of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Johnson of her right to submit points she wanted this Court to consider on appeal. Johnson has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] This Court must also conduct its own review of the record and determine whether "the

---

[1] App. to Opening Brief at A71. *See* 11 *Del. C.* § 1448(e) (establishing minimum-mandatory sentences for PFBPP based on a defendant's prior convictions).

[2] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744-45 (1967).

appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(4)    The Court has carefully reviewed the record and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Johnson could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

---

[3] *Penson*, 488 U.S. at 82.